UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VALERIE L. LARSEN, | ) |
| Plaintiff, | ) Case No. 1:11-cv-12 |
| v. | ) Honorable Robert Holmes Bell |
| MERCY HEALTH PARTNERS, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This matter is before the court on plaintiff's timely motion for leave to file a first amended complaint under Fed. R. Civ. P. 15(a)(2). Defendants oppose the motion on grounds that go well beyond the appropriate inquiry under Rule 15(a)(2). For the reasons set forth below, plaintiff's motion will be granted.

**Factual Background**

Plaintiff initiated this case by filing a complaint on January 5, 2011, against her former employer, alleging claims of retaliation and interference under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* On March 29, 2011, District Judge Robert Holmes Bell entered a case management order granting the parties until August 1, 2011, in which to file motions to join new parties or amend the pleadings. On July 16, 2011, within the time allowed by the case management order, plaintiff filed the present motion to amend the complaint and to add SEIU Healthcare Michigan (a labor union) as an additional party. The proposed amended complaint seeks to allege

a claim under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). Plaintiff's motion to amend recites that the discovery process in this case disclosed that plaintiff's claim for medical leave was the subject of grievance proceedings under a collective bargaining agreement between plaintiff's employer and the SEIU, her union. Plaintiff therefore seeks leave to file a section 301 claim against her employers (Mercy Health Partners and Trinity Health - Michigan) and a claim for breach of the duty of fair representation against her union (SEIU) arising from the grievance proceedings under the collective bargaining agreement. Plaintiff's brief in support of her motion also lists in the caption another additional party -- Trinity Health Corporation, an Indiana non-profit -- which is neither mentioned in the motion to amend nor identified in the proposed amended complaint.

The present defendants (Mercy Health Partners and Trinity Health - Michigan) strenuously oppose the motion to amend. The ground for their opposition is the alleged futility of the proposed amendment. In making the futility argument, defendants rely extensively on plaintiff's deposition, as well as other evidentiary material outside the four corners of plaintiff's proposed amended complaint.

**Discussion**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend "should be freely given when justice so requires." The Sixth Circuit "has held that a number of factors should be considered, including '[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment....'" *Pittman ex rel. Sykes v. Franklin*,

282 F. App'x. 418, 425 (6th Cir. 2008)(quoting *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir.2001)). "Although Federal Rule of Civil Procedure 15(a)(2) provides that a court 'should freely give leave [to amend a complaint] when justice so requires,' the right to amend is not absolute or automatic. The district court has discretion in determining whether to permit an amendment, and its decision will be overturned only if it has abused that discretion." *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008) (internal citations and quotation omitted).

Defendants do not assert that the proposed amendment is untimely, nor could they. Plaintiff moved to amend within the time allowed by the case management order. The case management order's deadlines were drawn in substantial part from the joint status report submitted by both parties. Having consented in the joint status report (docket # 7, ¶ 5) to an August 1, 2011 deadline for joinder of new parties and amendment of the pleadings, defendants are in no position to claim either untimeliness or prejudice arising from the court's adoption of their own suggestion.

The sole ground raised in defendant's opposition to plaintiff's motion to amend is futility. Under Sixth Circuit authority, a motion for leave to amend may be denied on grounds of futility if the court concludes that the pleading as amended could not withstand a motion to dismiss. *See Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). In adjudicating a claim of futility, the court must use the standard applicable to motions to dismiss under Rule 12(b)(6). *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2008). Under this standard, the court must accept as true all well pleaded factual allegations and construe the complaint in a light most favorable to plaintiff. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). A complaint may be dismissed for failure to state a claim if "it fails to give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court must determine whether the complaint contains "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. Although the plausibility requirement is not equivalent to a "probability requirement," it asks for more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In opposing the motion to amend, defendants state the applicable test and then proceed to ignore it completely. Rather, defendants engage in a challenge to the *sufficiency of the evidence* supporting plaintiff's proposed claims under section 301, rather than analyzing the sufficiency of plaintiff's *allegations*. Defendants rely extensively on plaintiff's deposition, in violation of the universal rule that a motion to dismiss must be based upon the four corners of the pleading and cannot rely on outside evidence such as deposition transcripts. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Rather than accepting all well-pleaded facts as true, defendants argue facts developed in discovery and so attempt to transform a simple motion for leave to amend into a summary judgment exercise. Defendants invite this court to commit reversible error under settled Sixth Circuit authority. In *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000), the court held that the only proper inquiry is whether the proposed amendment would withstand a Rule 12(b)(6) motion. The test for futility "does not depend on whether the proposed amendment could possibly be dismissed on a motion for summary judgment." *Id.* at 421.

To make matters even worse, some of defendants' arguments are based on the running of the statute of limitations and failure to exhaust remedies, affirmative defenses on which defendants bear the burden of proof. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Dismissal of a complaint for failure to state a claim on the basis of exhaustion is generally erroneous, because the

defendant has the burden of pleading and proving this defense. *See Cramer v. Wilkinson*, 226 F. App'x 461, 462 (6th Cir. 2007). In certain circumstances, a court may dismiss a complaint on the basis of the statute of limitations, when the expiration of a statute appears on the face of the complaint. In such cases, however, the plaintiff must be given an opportunity to come forward with evidence and argument in response to this affirmative defense, such as equitable tolling. *See Auto Owners Ins. Co. v. Edward D. Jones & Co. Employee Health & Welfare Program*, 759 F. Supp. 2d 895, 899 (W.D. Mich. 2010). Obviously, proceedings on a motion to amend are ill-suited to the resolution of affirmative defenses: the allegedly time-barred claim is not even before the court, let alone an appropriate responsive pleading or motion raising the affirmative defense.[1]

When judged by the standards appropriate to a motion to amend, plaintiff is generally entitled to the relief she seeks. Plaintiff's motion is timely, and no plausible claim of prejudice has been or can be raised. Plaintiff is not guilty of serial, unsuccessful efforts to state a claim. The proposed claim under section 301 is not futile, as the amended complaint states a claim both against the employer and against the union. A hybrid claim under section 301 has two elements: breach of a collective bargaining agreement by the employer and breach of the duty of fair representation by the union. *See Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003). Plaintiff may

---

[1] In reply to defendants' response, plaintiff has filed a reply brief supported by numerous exhibits. The reply brief was filed without leave of court, *see* W.D. MICH. LCIVR 7.3(c), and is grossly excessive in length. *Id.* at 7.3(b). The exuberance of plaintiff's counsel may be forgiven, however, as she was drawn offside by defense counsel's blunderbuss challenge to a simple motion to amend. If defendants had confined themselves to those issues appropriate to a Rule 15(a)(2) motion, plaintiff would not have been tempted to address all of the presently irrelevant issues asserted by defendants. This episode shows the consequences of overly aggressive lawyering by defense counsel. Defendants inappropriately ask the court to adjudicate the merits of plaintiff's proposed claims on a simple motion to amend, and plaintiff has taken the bait. This sort of invitation to disorderly district court process is deplorable and should not be repeated. Plaintiff's reply brief, filed without leave of court, is unnecessary at this point and will be stricken.

elect to sue either the employer, or the union, or both. In any event, the burden of proof on plaintiff is the same. *Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983). To state a claim under section 301, a plaintiff must allege a breach of the collective bargaining agreement and bad faith, arbitrary, or perfunctory handling of the grievance by the union such that an inference of a breach of duty can be raised. *See Vaka v. Sipes*, 386 U.S. 171, 177 (1967). The allegations of the proposed amended complaint, accepted as true for present purposes, are sufficient to sustain this pleading burden with regard to plaintiff's employer and the union. Plaintiff pleads a refusal to allow her to return to her position by the employer, in violation of contractually guaranteed leave provisions. She alleges that the union representative assured her that he would "take care of" the arbitration of her claim but that the union failed to request arbitration (Am. Compl. ¶¶ 143-148). At the pleading stage, the proposed amended complaint is sufficient to place Mercy Health Partners and Trinity Health - Michigan on notice of the nature of the claim for breach of collective bargaining agreement made against them. It is likewise sufficient to place the union on notice of a claim of breach of the duty of fair representation. To the extent that plaintiff seeks to add Trinity Health Corporation, an Indiana non-profit, as a party defendant, the proposed pleading is utterly insufficient, as it fails to make any substantive allegation against this new party. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

   Leave to amend will therefore be granted as to the present defendants and the SEIU will be added as a defendant. Defendants will have ample opportunity to raise and litigate their affirmative defenses. The addition of the union as a new party will probably require an amendment of the case management order in order to allow the union an opportunity to defend itself, but such

a consequence was inherent in the case management schedule suggested by the parties, which allowed the addition of new parties only sixty days before the close of discovery.

        The order will be entered granting plaintiff leave to file her amended complaint.


Dated: August 2, 2011          /s/ Joseph G. Scoville
        United States Magistrate Judge